# EXHIBIT

# "A"

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ELEONORA RICCI,              :      CASE NO.
                                  :

          Plaintiff,       :
                                  :

vs.                         :
                                  :

EXCHANGE MIAMI, LLC,    :
SHAKI DOBBS and ANTHONY  :
DOBBS,                   :
                                  :

         Defendants.     :      COMPLAINT
_____/

      1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et

seq. (the "FLSA"), on behalf of herself and other similarly situated current and former tipped

employees ("Servers") who work and/or worked for Defendant EXCHANGE MIAMI, LLC and

Defendants SHAKI DOBBS and ANTHONY DOBBS (hereinafter collectively referred to as the

"Employer") for minimum wage violations of the FLSA and for owed wages/tips.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

      2.      Plaintiff and the Servers work and/or worked for the Employer in Miami-Dade

County, Florida in its nightclub called The Exchange.   Plaintiff and the Servers are covered

employees for purposes of the FLSA.  Defendants SHAKI DOBBS and ANTHONY DOBBS are

the owners and officers of Defendant EXCHANGE MIAMI, LLC and control the terms and

conditions of Plaintiff's and the Servers' work, including but not limited to the minimum wage

violations alleged herein.

1

3.      For Count I, Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

a.      The Employer paid Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

b.      Servers are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees;

c.      The Employer required that Servers perform non-tipped work for free;

d.      The Employer required that Plaintiff and Servers purchase and maintain work uniforms at their own cost;

e.      The Employer failed to pay Servers for all of their actual work time in violation of the FLSA; and

f.      The Employer failed to account for all of Servers' work hours to avoid having to pay them their hourly pay.

## B. THE EMPLOYER

4.      The Employer is subject to the FLSA and is within the jurisdiction of this Court.

5.      The Employer is an "enterprise" as defined by the FLSA and is subject to the FLSA. Specifically, the Employer's gross annual income exceeds $500,000.00 per annum and it employs two or more employees engaged in interstate commerce.   Moreover, the Employer's employees, including Plaintiff, handled, sold, or otherwise worked on goods or materials that have been moved in or produced in commerce (e.g., alcohol, beer, ketchup, napkins, salt, pepper, etc.).  As such, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

6.      This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

7.     Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8.     By reason of their employment with the Employer, Plaintiff and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiff and the Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer.  Plaintiff and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce. Specifically, for every shift that Plaintiff and the Servers worked for the Employer, they dealt with credit card transactions going over state lines from customers, they served tourists and business travelers who came from other states comprising at least 50% of the Employer's business, and they served alcohol, food and food related products that came from other states.  As such, based on the above, Plaintiff and the Servers were engaged in interstate commerce.

## C.  VENUE & JURISDICTION

9.     This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

10.     Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

11.     By reason of their employment with the Employer, Plaintiff and Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiffs and Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer.  Plaintiffs and Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

12.     All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

13.     Plaintiff readopts and realleges all allegations contained in ¶¶ 1-12 above.

14.     At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and Servers actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 above which resulted in a minimum wage violation.

15.     As a result of the Employer's acts as described at ¶14 above, Plaintiffs' and Servers' hourly wages were below the applicable minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

16.     Plaintiff and Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work.

4

17.     As a result of the Employer's acts as described above, Plaintiff's and Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

18.     The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiff and Servers in accordance with the FLSA.

19.     By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA.  As a result of the Employer's willful disregard of the FLSA, Plaintiff and Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

<u>COUNT II</u>
<u>CLAIM OF OWED WAGES</u>

20. Plaintiff readopts and realleges the allegations contained at ¶12 above.

21.     At the time of hire, Defendant Exchange Miami, LLC promised to pay Plaintiff wages for each week that she worked for it.

22.     Defendant Exchange Miami, LLC failed and refused to pay Plaintiff numerous paychecks and tips resulting in her being damaged.

WHEREFORE, Plaintiff demands that she be awarded damages against Defendant Exchange Miami, LLC, interest, prejudgment interest, costs and her reasonable attorneys fees pursuant to 448.08, Fla. Stat.

## JURY DEMAND

Plaintiff demands trial by jury for Counts I-II.

Respectfully submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
*juliana@ljmpalaw.com*
*office@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

## **RETURN OF SERVICE**

**State of Florida**                    **County of Miami-Dade**                              **Circuit Court**

Case Number: 2018-031028-CA-01

Plaintiff:
**ELEONORA RICCI,**

vs.

Defendant:
**EXCHANGE MIAMI, LLC, SHAKI DOBBS AND ANTHONY DOBBS,**

For:
Juliana Gonzalez
McGuinness & Gonzalez, P.A.
3126 Center Street
Coconut Grove, FL 33133

Received by L & L Process, LLC. on the 15th day of September, 2018 at 9:13 am to be served on
**EXCHANGE MIAMI, LLC REGISTERED AGENT:  SHAKI DOBBS, 1532 WASHINGTON AVE, MIAMI
BEACH, FL 33139**.

I, Shirley Lowe, do hereby affirm that on the **19th day of September, 2018 at 1:27 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and
hour of service endorsed thereon by me, to: **SHAKI DOBBS** as **REGISTERED AGENT** for **EXCHANGE
MIAMI, LLC**, at the address of: **1532 WASHINGTON AVE, MIAMI BEACH, FL 33139**, and informed said
person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: BLACK, Height: 5'5", Weight: 175, Hair:
BALD, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I
declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY
REQUIRED PURSUANT TO F.S.92.525(2)

Shirley Lowe
Certified Process Server #2360

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2018002486
Service Fee: _____

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ELEONORA RICCI,                                   CASE NO. 2018-031028-CA-01

            Plaintiff,

vs.

EXCHANGE MIAMI, LLC,
SHAKI DOBBS and ANTHONY
DOBBS,

            Defendants.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant EXCHANGE MIAMI, LLC. **BY SERVING, PURSUANT TO F.S. §48.091:**

      Registered Agent   -   Shaki Dobbs
                              1717 N. Bayshore Drive, Apt. 2653
                              Miami, FL 33132

      If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

      **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

      1.     The president or vice president, or other head of the corporation; and/or in his or her absence;

1

2.    The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.    Any director; and in the absence of all of the above; or

4.    Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

MG Legal Group
Counsel for Plaintiff
3126 Center St.
Miami, Florida 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
*juliana@ljmpalaw.com*
*office@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

Attention: JULIANA GONZALEZ, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____, 2018.

Clerk of the Court

By:_____

as Deputy Clerk

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2018-031028-CA-01

Plaintiff:
**ELEONORA RICCI,**

vs.

Defendant:
**EXCHANGE MIAMI, LLC, SHAKI DOBBS AND ANTHONY DOBBS,**

For:
Juliana Gonzalez
McGuinness & Gonzalez, P.A.
3126 Center Street
Coconut Grove, FL 33133

Received by L & L Process, LLC. on the 15th day of September, 2018 at 9:23 am to be served on **SHAKI DOBBS, 1717 N. BAYSHORE DRIVE, APT 2653, MIAMI, FL 33132.**

I, Shirley Lowe, do hereby affirm that on the **19th day of September, 2018** at **1:27 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons: Personal Service on a Natural Person and Complaint** with the date and hour of service endorsed thereon by me, to: **SHAKI DOBBS** at the address of: **1532 WASHINGTON AVE, MIAMI BEACH, FL 33139**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: BLACK, Height: 5'5", Weight: 175, Hair: BALD, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

Shirley Lowe
Certified Process Server #2360

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2018002488
Service Fee: _____

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ELEONORA RICCI,                          :      CASE NO. 2018-031028-CA-01
                                         :
              Plaintiff,                 :
                                         :
vs.                                      :
                                         :
EXCHANGE MIAMI, LLC,                     :
SHAKI DOBBS and ANTHONY                  :
DOBBS,                                   :
                                         :
              Defendants.                :
_____/

## SUMMONS: PERSONAL SERVICE ON A NATURAL PERSON

TO:    Shaki Dobbs
       1717 N. Bayshore Drive, Apt. 2653
       Miami, FL 33132

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the plaintiff's attorney named below.

1

MG Legal Group
Counsel for Plaintiff
3126 Center St.
Miami, Florida 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
*juliana@ljmpalaw.com*
*office@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

Attention: JULIANA GONZALEZ, ESQ.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint and attached pleadings in this lawsuit on the abovenamed defendant.

DATED on _____

As Clerk of Said Court

By: _____
As Deputy Clerk

**INSTRUCTIONS CONTINUED ON NEXT PAGE**

2

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

MG Legal Group
Counsel for Plaintiff
3126 Center St.
Miami, Florida 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
*juliana@ljmpalaw.com*
*office@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

Atención: JULIANA GONZALEZ, ESQ.

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si

3

vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme di-dessous.

MG Legal Group
Counsel for Plaintiff
3126 Center St.
Miami, Florida 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
*juliana@ljmpalaw.com*
*office@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

Atansyon:  JULIANA GONZALEZ, ESQ.

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN & FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ELEONORA RICCI, CARLEN JONES,    :    CASE No.    2018-031028-CA-01
JOCELYNE MORALES,PRICILLA VERONA,   :
SYLVER GUNN, ALEXANDER ONAGA,      :
AUDREY PROPHETE, MARY PELINO,       :
JASMIN SOLANO, NICOLE MONTEIRO,     :
PIERRE PAGE, RYNISE ALLEN,          :
VICTORIA TAN LAY, JENNY PLATH,       :
and MARIANNA BRANDA,             :
                           :
          Plaintiffs,          :
                           :
vs.                       :      FIRST AMENDED COMPLAINT
                           :
EXCHANGE MIAMI, LLC,           :
SHAKI DOBBS and ANTHONY DOBBS,     :
                           :
          Defendants.        :
_____/

     1.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et

seq. (the "FLSA"), on behalf of themselves and other similarly situated current and former tipped

employees ("Servers") who work and/or worked for Defendant EXCHANGE MIAMI, LLC and

Defendants SHAKI DOBBS and ANTHONY DOBBS (hereinafter collectively referred to as the

"Employer") for minimum wage violations of the FLSA and for owed wages/tips.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

     2.     Plaintiffs and the Servers work and/or worked for the Employer in Miami-Dade

County, Florida in its nightclub called The Exchange. Plaintiffs and the Servers are covered

employees for purposes of the FLSA. Defendants SHAKI DOBBS and ANTHONY DOBBS

(hereinafter the "Owners") are the owners and officers of Defendant EXCHANGE MIAMI, LLC and control the terms and conditions of Plaintiffs' and the Servers' work, including but not limited to the minimum wage violations alleged herein.

3.      For Count I, Plaintiffs and the Servers have the following characteristics with respect to the minimum wage allegations:

     a.      The Employer paid Servers a reduced gross hourly wage pursuant to §3(m) of the FLSA;

     b.      Servers are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees;

     c.      The Employer required that Servers work for free;

     d.      The Employer required that Plaintiffs and Servers purchase and maintain work uniforms at their own cost;

     e.      The Employer failed to pay Servers for all of their actual work time in violation of the FLSA; and

     f.      The Employer failed to account for all of Servers' work hours and pay to avoid having to pay them their hourly pay.

## B. THE EMPLOYER

4.      The Employer is subject to the FLSA and is within the jurisdiction of this Court.

5.      The Employer is an "enterprise" as defined by the FLSA and is subject to the FLSA. Specifically, the Employer's gross annual income exceeds $500,000.00 per annum and it employs two or more employees engaged in interstate commerce.   Moreover, the Employer's employees, including Plaintiffs, handled, sold, or otherwise worked on goods or materials that have been moved in or produced in commerce (e.g., alcohol, beer, ketchup, napkins, salt, pepper, etc.).   As such, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in

the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

6.      The Owners are owners and officers of Defendant Exchange Miami, LLC (hereinafter "Exchange") and control the terms and conditions of Plaintiffs' and the Servers' work, including but not limited to the minimum wage violations alleged herein.   The Owners also controlled the terms and conditions of Plaintiffs' work and the wage and hour violations alleged herein.   The Owners exercised control over the nature and structure of Plaintiffs' employment relationship with the Exchange.   Based on the allegations made herein, the Owners were and are an "employer" of Plaintiffs since they act directly and indirectly in the interest of the Exchange, including, but not limited to, the following:

a.      The Owners are officers and/or owners of the Exchange;

b.      The Owners were and are directly involved in the making and implementation of employment policies and procedures, including pay and FLSA compliance, improper charges to employees like Plaintiffs, uniform costs, reduction of labor costs and non-payment to employees, at the Exchange;

c.      The Owners were and are directly involved in the hiring, supervision, discipline and termination of all employees, managerial and non-managerial, working for the Exchange;

d.      The Owners were and are directly involved in the accounting and financials for the Exchange and have custody and control over its business records and are ultimately responsible for such financial records; and

e.      The Owners intentionally refuse to pay Plaintiffs their tips and/or hourly pay.   For example, the Owners direct Plaintiffs to turn over all cash payments at the Exchange to them to that they can keep the cash and not report it to the government to escape tax consequences and to avoid having to pay Plaintiffs their share of the tips/ gratuities from such monies.   Additionally, the Owners swindle Plaintiff by claiming that credit card charges were refused and/or "charged back" by customers so that they can keep the entire balance to themselves without paying anything to Plaintiffs.

7.      This action is brought by Plaintiffs and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

8.      Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9.      By reason of their employment with the Employer, Plaintiffs and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiffs and the Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer.  Plaintiffs and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce. Specifically, for every shift that Plaintiff and the Servers worked for the Employer, they dealt with credit card transactions going over state lines from customers, they served tourists and business travelers who came from other states comprising at least 50% of the Employer's business, and they served alcohol, food and food related products that came from other states.  As such, based on the above, Plaintiffs and the Servers were engaged in interstate commerce.

## C.  VENUE & JURISDICTION

10.     This action is brought by Plaintiffs and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

4

11.     Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

12.     By reason of their employment with the Employer, Plaintiffs and Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiffs and Servers was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer.  Plaintiffs and Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

13.     All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

COUNT I
RECOVERY OF MINIMUM WAGE VIOLATIONS
AGAINST THE EMPLOYER

14.     Plaintiffs readopt and reallege all allegations contained in ¶¶ 1-13 above.

15.     At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs and Servers actually received less than the applicable minimum wage per hour for the reasons alleged at ¶3 above which resulted in a minimum wage violation.

16.     As a result of the Employer's acts as described at ¶15 above, Plaintiffs' and Servers' hourly wages were below the applicable minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

17.     Plaintiffs and Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work.

18.     As a result of the Employer's acts as described above, Plaintiffs' and Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA and/or the Employer's actions resulted in minimum wage violations.

19.     The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiffs and Servers in accordance with the FLSA.

20.     By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiffs and Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA.  As a result of the Employer's willful disregard of the FLSA, Plaintiffs and Servers are entitled to liquidated damages.

WHEREFORE, Plaintiffs and Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## CLAIM OF OWED WAGES

21.     Plaintiffs readopt and reallege the allegations contained at ¶13 above.

22.     At the time of hire, the Exchange promised to pay Plaintiffs wages for each week that they worked for it.

23.     The Exchange failed and refused to pay Plaintiffs numerous paychecks and tips resulting in them being damaged despite Plaintiffs fully performing their side of the bargain.

WHEREFORE, Plaintiffs demand that they be awarded damages against the Exchange, interest, prejudgment interest, costs and her reasonable attorneys fees pursuant to 448.08, Fla. Stat.

## JURY DEMAND

Plaintiffs demand trial by jury for Counts I-II.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was served via U.S. Mail on 9/25/18, on Shaki Dobbs (personally and as Registered Agent for Exchange Miami, LLC), 1717 N. Bayshore Drive, Apt. 2653, Miami, FL 33132.

Respectfully submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
*juliana@ljmpalaw.com*
*office@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*