UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  18-CV-24146-MOORE/SIMONTON

ELEONORA RICCI,

    Plaintiff,

v.

EXCHANGE MIAMI, LLC,
SHAKI DOBBS and
ANTHONY DOBBS,

    Defendants.
_____/

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
**BY DEFENDANTS, EXCHANGE MIAMI, LLC AND SHAKI DOBBS**

    Defendants, Exchange Miami, LLC and Shaki Dobbs, pursuant to Fed. R. Civ. P. 12, 29 U.S.C. §216(b), and other applicable Rules and laws, request the Court to dismiss the Amended Complaint based upon the following good cause:

### I.  INTRODUCTION

    Plaintiff, Eleonora Ricci, filed the initial Complaint in the Circuit Court for Miami-Dade County claiming unpaid minimum wages under the FLSA. [ECF No. 1-1.] Plaintiff(s) then filed an Amended Complaint in the Circuit Court for Miami-Dade County, purportedly on behalf of herself and another thirteen others who sought to join this case, but without filing the required written consents confirming that the additional (Opt-In) Plaintiffs consented to join in the proceedings. *But see* 29 U.S.C. § 216(b). These Defendants, therefore, request that the Court enter an Order dismissing the claims by all persons other than Ms. Ricci as a result of their failure to properly or timely indicate their consent to join in these proceedings. These Defendants

further request that the Court dismiss Count II for "Unpaid Wages" as it is subsumed within and/or preempted by Count I.

## II.  THE FACTS

1. Plaintiff filed a lawsuit in the Circuit Court for Miami-Dade County wherein she alleged in the Complaint that she worked as a server for Defendants at their nightclub on Miami Beach and sought unpaid minimum wages at Count I and attempted to assert a "Claim of Owed Wages" at Count II. [ECF No. 1-1.]

2. Plaintiff served Defendants, Exchange Miami, LLC and Shaki Dobbs, with the initial Complaint on September 19, 2018. (Exhibits "A" and "B".)

3. Plaintiff then filed an Amended Complaint in the Circuit Court for Miami-Dade County on September 24, 2018, in which she altered the course of the proceedings to seek collective action status to for unpaid minimum wages for herself and another thirteen other employees who were named as additional Plaintiffs, including: Carlen Jones, Jocelyne Morales, Priscilla Verona, Sylver Gunn, Alexander Onaga, Audrey Prophete, Mary Pelino, Jason Solano, Nicole Monteiro, Pierre Page, Rynise Allen, Victoria Tan Lay, Jenny Plath, and Mariana Branda under the FLSA in Count I. [ECF No. 7-1.]

4. Plaintiffs also purported to assert a "Claim of Owed Wages" at Count II in which they sought "wages". *Id.*

5. Defendants, Exchange Miami, LLC and Shaki Dobbs, removed this case to this Court on October 8, 2018. [ECF No. 1.]

6. These Defendants requested that Plaintiff provide written documentation that the additional persons named as (Opt-In) Plaintiffs in the Amended Complaint consented to join in these proceedings by email on October 9, 2018, but to date Plaintiffs failed to provide same.

### III. STANDARD FOR MOTION TO DISMISS

The Eleventh Circuit Court of Appeals analyzed the standard of pleading applicable to claims and recognized that Complaints must not simply rely on vague facts or a formulaic recitation of the elements of a cause of action in order to withstand a motion to dismiss.

> Fed.R.Civ.P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). The *Cigna Corp.* Court then went on to discuss how *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), changed the standard of pleading by requiring more factual details instead of simply relying on conclusory, vague allegations:

> The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1965. The Court ultimately held that **to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."** *Id.* at 570, 127 S.Ct. at 1974. Cautioning that its new plausibility standard is not akin to a "probability requirement" at the pleading stage, the Court nonetheless held that **the standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim**. *Id.* at 556, 127 S.Ct. at 1965. The Court was careful to note that "we do not require heightened fact pleading of specifics," but concluded that when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570, 127 S.Ct. at 1974.

*Cigna Corp.*, 605 F.3d at 1289 [*emphasis added*]. The Court then discussed how the United States Supreme Court's subsequent decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), further modified the standard of pleading:

> In evaluating the sufficiency of Iqbal's complaint in light of *Twombly*'s construction of Rule 8, the Court explained the "working principles" underlying its decision in that case. *Id.* at 1949. First, the Court held that "the tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Second, restating the plausibility standard, the Court held that **"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show [n]'—'that the pleader is entitled to relief**.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) **eliminate any allegations in the complaint that are merely legal conclusions**; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine **whether they plausibly give rise to an entitlement to relief**." *Id*. Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id*. at 1951–52 (quoting *Twombly*, 550 U.S. at 567, 127 S.Ct. at 1972). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions, not merely antitrust actions, because it is an interpretation of Rule 8. *Id*. at 1953.

*Cigna Corp.*, 605 F.3d at 1290.

## IV. ARGUMENT

### A. The Court Must Dismiss The Claims By All Plaintiffs Who Failed To File Written Consents With The Court As Required By 29 U.S.C. §216(b) and 29 U.S.C. §256.

The FLSA, at 29 U.S.C. §216(b), provides that, "No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party." The interpretive guidance provided by 29 U.S.C.A. §256 confirms that "written consent" must be filed with the Court in order to seek relief as a collective action:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended… shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended… it shall be considered to be commenced in the case of any individual claimant—
>
> > (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

> (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

Thus, there can be no dispute that when a case is filed as a putative collective action in which additional persons seek to join, no claim commences *until* each such person files written consent to participate in the proceedings. 29 U.S.C. §§216(b), 256.

The Eleventh Circuit Court of Appeals discussed the rationale behind the requirement for filing written consents based on the history fo the FLSA:

> The 1947 amendments added an "opt-in" provision, which provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); *see also LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 287 n. 6 (5th Cir.1975). Congress's aim in adding the "opt-in" language to § 216(b) was to " 'prevent[ ] large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit.' " *United Food & Commercial Workers Union v. Albertson's, Inc.*, 207 F.3d 1193, 1200 (10th Cir.2000) (quoting *Arrington v. Nat'l Broad. Co.*, 531 F.Supp. 498, 501 (D.D.C. 1982). "The 'consent in writing' requirement ... [sought] to eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit." *Arrington,* 531 F.Supp. at 502.

*Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003)

The critical inquiry that necessary follows is for the Court to determine whether Ms. Ricci sought to assemble a putative collective action, which involves an analysis of two pleadings: the initial Complaint and the Amended Complaint to determine if additional parties have (sought to) join these proceedings. [ECF Nos. 1-1, 7-1.] Ms. Ricci filed the initial Complaint for herself. [ECF No. 1-1.] Ms. Ricci then filed an Amended Complaint for herself and thirteen others which starts with the following opening paragraph:

> 1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of themselves and other similarly situated current and former tipped employees ("Servers") who work and/or worked for Defendant EXCHANGE MIAMI, LLC and Defendants SHAKI DOBBS and ANTHONY

DOBBS (hereinafter collectively referred to as the "Employer") for minimum wage violations of the FLSA and for owed wages/tips.

[ECF No. 7-1.]

The *ad damnum* clause of Count I of the Amended Complaint seeks the same relief for Ms. Ricci and the (Opt-In) Plaintiffs, further establishing the true nature of this case as a putative collective actin. *Compare Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) ("In this case, each claimant is a named plaintiff. This suit consists of a number of individual actions, not a collective or class action subject to sections 16(b) and 256. The twenty-two plaintiffs through their lawyer **alleged individual causes of action** and **sought individual relief in the form of individual damage claims**.")[*Emphasis added*.]

As the District Court for the District of Nevada observed:

> The statutory language is clear. When plaintiffs have filed a "collective action," under § 216(b), [*fn. omitted*] all plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought. Although the consents may be filed after the complaint, the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed.

*Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1132–33 (D. Nev. 1999) (collecting cases.) As this Court previously recognized in the context of amending Complaints to name others without filing written consents:

> Courts in this district that have considered whether the statutory language requires the named plaintiffs in an opt-in action to file consents have concluded it does. *Lira v. Arrow Air, Inc.,* Case No. 05–23273–Lenard (S.D. Fla. April 17, 2006); *Lago v. Amoa Construction & Development Corp.* 2008 WL 4540062 (S.D. Fla. 2008) (dismissing collective action where named plaintiff had not filed a consent and allowing individual plaintiff to proceed).

*Lussi v. Design-Build & Eng'g, Inc.*, 2010 WL 1571158, at *1 (S.D. Fla. Apr. 20, 2010). Courts have since employed the same logic to require the dismissal of claims on behalf of Plaintiffs who seek to bring or join collective actions without filing written consents:

> Here, the Plaintiffs have not filed written consent forms indicating they wish to pursue their claims on behalf of other individuals. (*See* Mot. 2). Plaintiffs insist there is no requirement for *named* plaintiffs to file written consents. (*See* Resp. 6). They maintain that such filing requirement is "only triggered by others who join the lawsuit *after* the Court potentially *grants a motion to certify* an opt-in class." (*Id.* 7) (emphasis in original). Notably, however, Plaintiffs do not cite case law to directly support either of these statements. Nor is the Court persuaded by cases they do cite. [*Fn. omitted*] (*See id.*).
>
> The Court sees no reason to depart from *Lussi* and *Lago*. The statutory language is unambiguous. As a result, Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated.

*Peralta v. Greco Intern. Corp.*, 2011 WL 5178274, at *2–3 (S.D. Fla. Oct. 31, 2011). *Accord Garcia v. Halpern LTO, LLC*, 2014 WL 12600055, at *3 (S.D. Fla. Apr. 7, 2014).

These Defendants, in accordance with the foregoing, request that the Court dismiss the Amended Complaint and the claims by each of the Plaintiffs for failing to state a cause of action and/or for lack of standing as a result of their failure to file written consents with the Court.

### B. Count II of the Amended Complaint, Claim Of Owed Wages, Is Preempted By The FLSA.

Count II purports to seek wages against Defendant, Exchange Miami, LLC, after incorporating only paragraph 13 of the preceding allegations. [ECF No. 7-1.] Besides the problem of failing to identify the legal theory under which wages are sought at Count II, which Plaintiffs failed to do, the hurdle that Plaintiffs overcome by amendment is preemption. The crux of Count II is that Plaintiffs, as servers, were not paid wages.[1] Since Plaintiffs do not allege that they were to be paid any more than the minimum wage required by the FLSA, and do not seek any wages above the minimum wages required to be paid by the FLSA, Count II of the Amended Complaint is preempted by the FLSA:

---

[1] If Plaintiffs' claim is that they were not paid the minimum wages required by Florida law pursuant to Fla. Stat. §448.110, then they failed to comply with this statute's pre-suit requirements.

> "As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim." *Morrow v. Green Tree Serv'g, L.L.C.*, 360 F.Supp.2d 1246, 1252 (M.D. Ala. 2005) (quoting *Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D. Ala. 1991)). Specifically, where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA and summary judgment may therefore be granted. *Alexander v. Vesta Ins. Grp., Inc.*, 147 F.Supp.2d 1223, 1240–41 (N.D. Ala. 2001). Garcia's state law claims for breach of agreement, unjust enrichment, and quantum meruit are each phrased as state-law versions of his FLSA overtime claims. *See, e.g.*, Am. Compl. ¶ 23 (breach of agreement) ("Defendant...fail[ed] to pay the amount due to Plaintiff for services provided and performed under their agreement, and [did] not properly pay[ ] Plaintiff for all hours worked ...."); *id.* ¶ 29 (quantum meruit) ("Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked ...."); *id.* ¶ 35 (unjust enrichment) ("Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked ...."). Thus, NEI's motion for summary judgment is granted.

*Garcia v. Nachon Enterprises, Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016); *accord Bell v. 1220 Mgmt. Group, LLC*, 2018 WL 3054795 (S.D. Fla. June 20, 2018) (dismissing as preempted "state law versions of Plaintiffs' FLSA claims related to Defendants' alleged illegal tip-pooling scheme".)

The fact that Plaintiffs' claims at Count II are preempted renders immaterial the fact that there is no claim under Florida law for "unpaid wages" or "wages owed".

## V. CONCLUSION

Plaintiffs' collective allegations, coupled with the procedural history of this case, require dismissal of the claims asserted in the Amended Complaint when not a single person filed written consent to join these proceedings. The FLSA, which requires the dismissal of Count I for failing to file written consents, also operates to preempt the claim for "wages" at Count II. Consequently, the Amended Complaint must be dismissed with prejudice for failing to state a claim.

**CETIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in CM/ECF on this 15th day of October, 2018, which will effect service on Juliana Gonzalez, Esq., MG Legal Group, P.A., as *Counsel for Plaintiff(s)*, juliana@ljmpalaw.com offlce@ljmpalaw.com, 3126 Center Street, Coconut Grove, Florida 33133.

FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel: 305.230.4884
Fax: 305.230.4844

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
