UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-24146-BECERRA

ELEONORA RICCI, *et al.*,

    Plaintiffs,
v.

EXCHANGE MIAMI, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION
## FOR DISSOLUTION OF WRIT OF GARNISHMENT

**THIS CAUSE** is before the Court on Defendant Exchange Miami LLC's ("Defendant") Motion to Dissolve the Writ of Garnishment as to Navy Federal Credit Union by Plaintiff Eleonora Ricci ("Motion"). ECF No. [65]. There has been no response to the Motion. Upon consideration of the Motion, the pertinent portions of the record, and the relevant authorities, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion, ECF No. [65], be **DENIED**.

    **I.**    **BACKGROUND**

Plaintiffs filed this employment action against Defendants alleging violations of the Fair Labor Standards Act (the "FLSA"). ECF No. [1]. The parties settled on January 23, 2019 and the Court entered a Final Order closing the instant case and approving the agreement reached by the parties. ECF Nos. [42], [49]. On April 26, 2019, the Court entered an Order concluding that Plaintiffs, as the prevailing party, were entitled to fees and costs and awarded a total of $12,196.50. ECF No. [52] at 11.

Plaintiffs filed a Motion for Final Judgment on Fees and Costs in order to begin post-judgment collection. ECF No. [53]. The undersigned denied the motion on July 29, 2020 stating that Plaintiffs were "entitled to execute their money judgment in this matter…without the Court

entering a separate document." ECF No. [58] at 4.  The undersigned also pointed out that the appropriate remedy to enforce a money judgment is through a writ of execution. *Id.* (citing *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986)).

On July 30, 2020, Plaintiff Ricci filed a Motion for Writ of Garnishment on Navy Federal Credit Union (the "Garnishee" or "Navy Federal") suggesting that Navy Federal was indebted to or had tangible or intangible personal property of Defendant.  ECF No. [60] at 1.  Ricci stated that because "Plaintiffs do not believe that the said Defendants have in their possession visible property in which a levy can be made" to satisfy the $12,196.50 judgment, a Writ of Garnishment should be issued.  *Id.*  On August 3, 2020, Defendant was served with the Writ of Garnishment, a copy of the Motion for Writ of Garnishment, and Notice was provided.  ECF Nos. [61], [62], [63].  The Writ of Garnishment was executed on August 12, 2020.  ECF No. [64].

Defendant was notified that if any exemption from garnishment applied, they must file a form with the Clerk's office within twenty days after receiving notice and notify Plaintiff and Garnishee.  ECF No. [63-1] at 4.  No such form was filed with the Clerk's office; instead, Defendants filed the instant Motion to Dissolve the Writ of Garnishment.  ECF No. [65]. Defendants argue that the Writ of Garnishment should be dissolved because by its execution, Ricci seeks to garnish the wages of other employees who are involved in this lawsuit, some of whom can file claims of exemption because they have small children and are heads of their household. *Id.* at 2.  Furthermore, Defendants allege that they have received no revenue since March 2020 because they operate a night club that has been closed due to the COVID-19 pandemic.  *Id.*

## II.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 69(a)(1), executions of money judgments must accord with the procedure of the state where the court that issued the judgment is located. *Brandt*

*v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2013 WL 4011125, at *1 (S.D. Fla. Aug. 6, 2013).  Here Florida law applies, and under the Florida post-judgment garnishment statute, a judgment debtor may, by motion, obtain dissolution of a writ of garnishment by proving that the attached funds are exempt from garnishment under federal or state law.  *Malowney v. Federal Collection Deposit Group*, C.A.11 (Fla.) 1999, 193 F.3d 1342, *certiorari denied* 120 S.Ct. 1558, 529 U.S. 1055, 146 L.Ed.2d 463.  The exemptions from garnishment include wages that fall into the following categories: head of family wages, social security benefits, supplemental security income benefits, public assistance (welfare), workers' compensation, reemployment assistance or unemployment compensation, veterans' benefits, retirement or profit-sharing benefits or pension money, life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract, disability income benefits, prepaid college trust fund or medical savings account, or other exemptions as provided by law.  § 77.041, Fla. Stat.

Defendant Ricci was provided notice of the major exemptions from garnishment and instructed to file a form for claim of exemption and request a hearing.  ECF No. [63-1] at 4–5; *see also* § 77.041, Fla. Stat.  Instead, Defendant filed the instant Motion claiming that the Writ of Garnishment seeks collect unpaid wages subject to FLSA claims of other Plaintiffs, some of whom may qualify as heads of households with minor children.  ECF No. [65] at 2.  The Court notes that Defendant is asserting the head of household exemption not on behalf of itself but on behalf of other Plaintiffs similarly situated to Plaintiff Ricci in their entitlement to funds from Defendants.  This is not an exemption.  Defendant also states that the Writ of Garnishment should be dissolved because Defendant has not received revenue from operation of its nightclub since March 2020 due to COVID-19.  ECF No. [65] at 2.  This too is not an exemption to the Writ of Garnishment.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dissolve the Writ of Garnishment on Navy Federal Credit Union, ECF No. [65], be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on September 14, 2020.

_____
JACQUELINE BECERRA
United States Magistrate Judge